**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

UNITED STATES OF AMERICA,

       **Plaintiff,**

       v.

CEDRIC LABARRON McBRIDE,

       **Defendant.**

:
:
:
:
: **Case No. 2:20-cr-128**
:
: **JUDGE ALGENON L. MARBLEY**
:
:

### OPINION & ORDER

This matter comes before this Court on Defendant Cedric McBride's Motion for Early Termination of Supervised Release. (ECF No. 41). Mr. McBride's Probation Officer does not oppose the Motion. (*Id.*). The Government, however, opposes Mr. McBride's request. (ECF No. 42).  For the reasons set forth below, the Motion (ECF No. 41) is **DENIED.**

Mr. McBride pleaded guilty to one count of possession with Intent to Distribute 50 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii); and one count of Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (ECF No. 42). This Court sentenced Mr. McBride to a thirty-sixth (36) month term of imprisonment to be followed by a four (4) year term of supervised release. (*Id.*). Mr. McBride began his term of supervised release on April 7, 2023. (*Id.*).

The Court may terminate a term of supervised release any time after one year of supervised release if such action is warranted by the conduct of the defendant and is in the interest of justice. 18 U.S.C. § 3583(e)(1). Factors the Court should consider include: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3)

1

whether adequate deterrence was afforded; (4) protection of the public from further crimes of the defendant; (5) providing the defendant with educational or vocational training; (6) the sentencing range established by the guidelines; (7) pertinent policy statements issued by the Sentencing Commission; (8) the need to avoid sentence disparity; and (9) the need to provide restitution to victims. *Id.*; 18 U.S.C. § 3553.

Mr. McBride has completed three of his four years of supervision. During the pendency of his supervision, Mr. McBride has complied with the terms of his supervised release, has not incurred any new criminal charges, and has cooperated with his probation officer. Further, Mr. McBride completed the Positive Influence Team (PIT) Re-Entry Mentoring Program while incarcerated and has received support from the program director, Stan Ross, who has attested to Mr. McBride's growth. (ECF No. 41-1).

The Government notes that at the time of this Motion, June 3, 2025, Mr. McBride completed only a little more than half of his supervised release term. Additionally, the Government highlights that McBride had been convicted of a federal drug felony for which he served a 120-month sentence prior to this current offense. (ECF No. 42 at 2). The Government also notes that Mr. McBride violated his prior term of supervised release twice. (*Id.*).

Upon consideration of the factors, the Court finds that termination of supervised release is not warranted. Mr. McBride has been on supervision for over three years, and during the pendency of his supervision has not incurred any new criminal charges. Additionally, this Court commends Mr. McBride for complying with his terms of supervised release and successfully completing the Positive Influence Team program. This Court finds, however, that early termination is not warranted simply because Mr. McBride has complied with his conditions of release. *See United States v. McDonald*, 2024 WL 5337829, at *2 (E.D. Mich. Dec. 20, 2024) ("[M]odel prison

conduct and full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination.") (quoting *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005)); *see also United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) (unblemished post-incarceration conduct alone "cannot be sufficient reason to terminate the supervise release since, if it were, the exception would swallow the rule"). Given Mr. McBride's criminal history and the fact that he was unsuccessfully terminated from supervised release in the past, this Court finds it is in the interest of justice that he serves the remainder of his term. (ECF No. 42 at 2).

As such, the Motion (ECF No. 41) is **DENIED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: April 30, 2026**